IN THE MATTER OF THE APPLICATION OF THE PROSPECT
PARK AND CONEY ISLAND RAILROAD COMPANY
TO ACQUIRE TITLE TO LANDS IN KINGS COUNTY, NOW OF WIL-
LIAM MOYNAHAN AND OTHERS, AND TWENTY-TWO LIKE
CASES.

*Railroad — Eminent domain — Defective title — right to perfect under chapter* 140 *of*
1850 — *Public highway — notice to commissioners of.*

It having been held that the petitioners, a railroad company, obtained no title to
the lands, as against the owners of the fee, by the legislative permission to lay
down their tracks on a certain highway on which they had built their road,[*]
orders made on an application by them for the appointment of commissioners
to assess the value of the lands for the purpose of compensating the owners
should be sustained, on the ground that the case comes within that part of
the general railroad act (chap. 140, Laws of 1850), which permits a railroad
company to perfect a title found defective.

When the legislature has located a railroad on an avenue or highway, the neces-
sity of notice and agreement with the commissioners of highways is dis-
posed of.

APPEALS from orders made at a Special Term, in twenty-two
cases, appointing commissioners to ascertain and appraise the com-
pensation to be made to each of the respondents respectively, for
real estate proposed to be taken, and on which the applicant's road
was constructed.

On an appeal from a judgment in favor of the Washington
Cemetery against this defendant perpetually restraining it from
working, using and operating its railroad over Gravesend avenue,
laid out by special act of the legislature (chap. 531, Laws of 1873),
it was held that the fee of the land was not taken, but an ease-
ment only for the purposes of the highway. (Reported 7 Hun, 655.)

Application was therefore made by defendant at Special Term
for the appointment of commissioners to appraise the compensa-
tion to be made to the several owners or persons interested in the
land to be taken under the act entitled " An act to authorize the
formation of railroad corporations and to regulate the same," passed
April 2, 1850 (chap. 140), on the grounds that the lands in ques-
tion were required for the purposes of its incorporation, to wit, for

* *Washington Cemetery* v. *P. P. and C. I. R. R. Co.*, 7 Hun, 655.

the purpose of constructing, maintaining and operating its road, and that they sought to acquire the right or easement so to construct, maintain and operate their road over such land. That application had, for such purpose, been made by them to the owners, and that they could not acquire title thereto by reason of the inability of the parties to agree, and on such application the orders here appealed from were made.

*Benjamin J. Hitchings*, for the appellant.

*John H. Bergen*, for the respondent.

BARNARD, P. J.:

It was decided at the last term of this court, that the Prospect Park and Coney Island Railroad Company obtained no title to the lands as against the owners of the fee, by the legislative permission to lay down their railroad on Gravesend avenue.

Their application for the appointment of commissioners to assess the value of the lands is made for the purpose of making compensation to the owners. I think the case falls within that part of the statute which permits a railroad company to perfect a title found defective. The company claimed that the people took the fee of the lands in Gravesend avenue, not in direct terms but as a necessary consequence of the language used. They built their road under this supposition. It has been held otherwise. The direction of the law that the company shall attempt to buy by agreement, is sufficiently complied with. The company believe that the landowners' interest is merely nominal and therefore they offer a merely nominal price therefor. The parties cannot agree and there is no other way but the appraisal of a commission.

The legislature have located the defendant's road in this avenue. This dispenses with all necessity of notice and agreement with the commissioners of highways. I think no sufficient cause was shown why the court should not grant the order.

Affirmed, with ten dollars costs and dibsursements.

Present — BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not sitting.

Order affirmed, with costs and disbursements.